J-S16041-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANTHONY ROBERT SHOW | : | |
| | : | |
| Appellant | : | No. 2651 EDA 2022 |

Appeal from the Judgment of Sentence Entered September 8, 2022
In the Court of Common Pleas of Wayne County Criminal Division at
No(s): CP-64-CR-0000051-2022

BEFORE: DUBOW, J., MURRAY, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.: **FILED JUNE 21, 2023**

Anthony Robert Show (Appellant) appeals from the judgment of sentence imposed in the Wayne County Court of Common Pleas following his no contest plea to one count of aggravated indecent assault[1] of his minor niece (Victim). Contemporaneous with this appeal, Appellant's counsel, John J. Martin, II, Esquire, has filed a petition to withdraw from representation and an **Anders** brief. **See Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). The **Anders** brief presents two claims, challenging the voluntariness of Appellant's plea and the discretionary aspects of his sentence. For the reasons below, we affirm the judgment of sentence and grant Attorney Martin's petition to withdraw.

_____

[1] 18 Pa.C.S. § 3125(a)(7) (complainant less than 13 years of age).

The facts underlying Appellant's no contest plea were summarized

during the plea hearing as follows:

[I]n the Spring of 2021, the minor child victim, C.G. [Victim,] whose date of birth is [October 2007], disclosed that in September 2018 at a sleep over at her grandparents' house [in] Moscow, PA, Wayne County, that around 9:30 p.m. her [u]ncle[, Appellant], was lying right next to her because she wasn't feeling well. She said [Appellant] is the brother of [her] father. [Appellant's] date of birth is October 2, 1987.

[Victim] described that she had already eaten breakfast, lunch and dinner that day. She was tired and not feeling well. She sat on the couch which is actually a futon that was pulled out to a bed, and [Appellant] sat next to her. On this particular evening, her sister was there too, but her sister was in the back room. [Victim] said [Appellant] usually sleeps in the back room, but this night he slept on the couch with her. He decided to sleep on the couch with her because she didn't feel good and was rubbing her stomach. [Victim] said [Appellant] didn't tell anyone he was going to sleep on the couch with her.

[Victim] related she was facing the mirror, and her legs were straight. [Appellant] was behind her and facing the same way. He rubbed her stomach and went higher on her chest on her breasts under her shirt and on her skin. When his hand was on her chest, his hand stayed still. His hand moved back down to her stomach then moved lower underneath her clothing and touched her down below. He touched her skin under her clothing and touched inside her body. She said it felt weird and it made her feel shaky. At that, she eventually moved away, and they fell asleep.

N.T., 6/9/22, at 4-5 (some paragraph breaks added). Victim was 10 years

old at the time of the incident, and 13 years old when she reported it to police.

Appellant was arrested and charged with two counts each of aggravated

indecent assault and indecent assault, and one count each of unlawful contact

with a minor and corruption of minors.[2]  On June 9, 2022, Appellant, represented by Attorney Martin, entered a no contest plea to one count of aggravated indecent assault.  During his written and oral plea colloquy, Appellant acknowledged that he understood the charge "carrie[d] a mandatory minimum sentence of five years[.]" N.T., 6/9/22, at 8; Written No Contest Plea Colloquy, 6/9/22, at 8.  **See** 42 Pa.C.S. § 9718(a)(3) (Sentences for offenses against infant persons).  The trial court ordered a presentence investigation report and an assessment by the Sexual Offender's Assessment Board (SOAB) to determine if Appellant met the criteria for classification as a sexually violent predator (SVP) under the Sexual Offender's Registration and Notification Act (SORNA).[3]

The case proceeded to a combined sentencing/SORNA hearing on September 8, 2022.  Appellant stipulated to the SOAB's report, which determined Appellant met the criteria for classification as an SVP.  **See** N.T., 9/8/22, at 4.  Attorney Martin briefly discussed Appellant's background, and while recognizing the court was bound to impose the mandatory minimum sentence, requested that the court "run [it] concurrently . . . to [a]

---

[2] 18 Pa.C.S. §§ 3125(a)(8), 3126(a)(7) and (8), 6318(a)(1), and 6301(a)(1)(ii), respectively.

[3] 42 Pa.C.S. §§ 9799.10-9799.42 (Subchapter H).  **See also** 42 Pa.C.S. § 9799.11(c) (Subchapter H is applicable to those convicted of a sexually violent offense committed on or after December 20, 2012).

Lackawanna County" sentence Appellant was then serving.[4] **See** N.T., 9/8/22, at 6-7. At the conclusion of the hearing, the trial court sentenced Appellant to a mandatory minimum term of five to ten years' imprisonment, followed by three years' probation,[5] and directed that the sentence run consecutively to Appellant's two Lackawanna County sentences. **See id.** at 9. In response to Appellant's request for concurrent sentences, the court stated that it was "not allowed to run a new state sentence concurrent to an old state sentence." **Id.** at 8; **see also id.** at 9 ("I appreciate why you would want concurrency but I'm not, by state law, allowed to do so."). Thereafter, on September 15, 2022, the trial court entered an order declaring Appellant to be an SVP. Order, 9/15/22.

Appellant filed a timely post-sentence motion on September 19, 2022, challenging the discretionary aspects of his sentence and, alternatively, requesting the trial court permit him to withdraw his plea. **See** Appellant's Motion to Post Sentence Relief Pursuant to Rule 720 Pa.R.Crim.P., 9/19/22,

---

[4] In June of 2021, Appellant was sentenced in Lackawanna County to serve an aggregate term of 8 to 17 years' imprisonment after he pled guilty to multiple sex crimes involving four minor victims under two separate dockets. **See Commonwealth v. Show**, 982-983 MDA 2021 (unpub. memo. at 2-3) (Pa. Super. Apr. 21, 2022).

[5] 42 Pa.C.S. § 9718.5(a) (requiring imposition of three-year consecutive probation when defendant conviction of Tier III sexual offense).

at 2. The court denied the motion on September 21st.[6] This timely appeal followed.[7, 8]

When, as here, counsel files a petition to withdraw and accompanying **Anders** brief, we must first examine the request to withdraw before addressing any of the substantive issues raised on appeal. **Commonwealth v. Bennett**, 124 A.3d 327, 330 (Pa. Super. 2015). An attorney seeking to withdraw from representation on appeal

> must: 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

---

[6] The court initially entered an order purporting to grant the motion on September 20th, but filed an amended order denying relief the next day. **See** Order, 9/20/22; Order, 9/21/22.

[7] We note that Attorney Martin originally filed a notice of appeal with an incorrect trial court docket number, and purported to appeal from the trial court's September 21, 2022, amended order denying Appellant's post-sentence motion, rather than the September 8th judgment of sentence. **See** Appellant's Notice of Appeal, 10/20/22. **See also Commonwealth v. Shamberger**, 788 A.2d 408, 410 n.2 (Pa. Super. 2001) (*en banc*) (appeal in a criminal matter "lies from the judgment of sentence made final by the denial of post-sentence motions."). After being issued a show cause order by this Court, and upon permission, Attorney Martin filed an amended notice of appeal on January 20, 2023, listing the correct trial court docket number, but still purporting to appeal from the trial court's September 21st amended order. **See** Appellant's Amended Notice of Appeal, 1/20/23. Nevertheless, we have corrected the caption accordingly.

[8] Attorney Martin complied with the trial court's directive to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

***Commonwealth v. Cartrette***, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*) (citation omitted).  Pursuant to ***Santiago***, counsel must also:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Id.***, *quoting **Santiago***, 978 A.2d at 361.

In the present case, the brief and petition to withdraw filed by Attorney Martin comply with the requirements of ***Anders*** and ***Santiago***.  ***See Cartrette***, 83 A.3d at 1032.  Moreover, Attorney Martin has provided this Court with a copy of the letter he sent to Appellant, advising him of his right to proceed with newly retained counsel or *pro se*.  ***See*** Attorney Martin's letter to Appellant, 3/10/23.  Appellant has not filed a response.  Therefore, we proceed to examine the issues identified in the ***Anders*** brief, and then conduct "a full examination of all the proceedings, to decide whether the case is wholly frivolous[.]"  ***See Commonwealth v. Yorgey***, 188 A.3d 1190, 1196 (Pa. Super. 2018) (*en banc*) (citation omitted).  If we agree with counsel's assessment, "[we] may grant counsel's request to withdraw and dismiss the appeal[.]"  ***Id.*** (citation omitted).

The ***Anders*** brief identifies two claims for our review:

1. Did the trial court err in denying Appellant's motion to withdraw guilty plea?

2. Did the trial court err in ordering an excessive sentence, given the background of Appellant in this matter?

*Anders* Brief at 10 (some capitalization omitted).

In the first claim, Appellant seeks to withdraw his guilty plea because the trial court failed to consider his "past treatment" when it imposed an "unduly harsh and excessive" sentence. *See* Anders Brief at 17.

We review a defendant's post-sentence request to withdraw a guilty plea pursuant to the following standards:

> [A] request to withdraw a guilty plea after sentencing is subject to higher scrutiny [than a pre-sentence request] since courts strive to discourage [the] entry of guilty pleas as sentence-testing devices. Therefore, in order to withdraw a guilty plea after the imposition of sentence, a defendant must make a showing of prejudice which resulted in a manifest injustice. A defendant meets this burden only if he can demonstrate that his guilty plea was entered involuntarily, unknowingly, or unintelligently.

*Commonwealth v. Culsoir*, 209 A.3d 433, 437 (Pa. Super. 2019) (citations & quotation marks omitted). Moreover, we presume "a defendant who entered a guilty plea was aware of what he was doing, and the defendant bears the burden of proving otherwise." *Commonwealth v. Hart*, 174 A.3d 660, 665 (Pa. Super. 2017) (citation omitted).

In the present case, Appellant completed both a written and oral plea colloquy, which demonstrated his understanding of the proceedings, and the voluntariness of his decision to enter a guilty plea. *See* Written No Contest Plea Colloquy at 2-9; N.T., 6/9/22, at 4-9. The written plea colloquy, signed by Appellant, details: (1) that Appellant had right to a jury trial and was presumed innocent; (2) that by pleading no contest Appellant was giving up

the right to challenge the Commonwealth's evidence against him and his grounds for appeal would be limited; (3) that the court was not bound to accept the terms of the plea agreement; (4) that he had sufficient time to discuss the plea with his attorney and he was not forced or threatened to enter the plea; (5) that no promises had been made to him other than those set forth in the no contest plea; and (6) that he was subject to a mandatory minimum five-year sentence, and a maximum sentence of 10 years' imprisonment. *See* Written No Contest Plea Colloquy at 2-6, 8. *See also* Pa.R.Crim.P. 590, Comment.

Moreover, during the plea hearing, Appellant affirmed that he desired to enter a no contest plea to one count of aggravated indecent assault "graded as a felony of the second degree[,]" and that he understood the facts supporting the charge as outlined by the Commonwealth. *See* N.T., 6/9/22, at 4-6. Appellant confirmed that he reviewed the written colloquy with his attorney, and signed or initialed each page. *Id.* at 6. Further, Appellant, again, acknowledged that he understood his right to a jury trial, his presumption of innocence, and the mandatory minimum sentence he faced; he also confirmed that he was satisfied with the representation of his attorney and had not been forced to enter the plea. *See id.* at 6-8. Thus, our review of the certified record reveals no basis to support a post-sentence withdrawal of Appellant's no contest plea, and we agree with Attorney Martin's conclusion that this claim is frivolous.

The second issue identified in the ***Anders*** brief challenges the discretionary aspects of Appellant's sentence. Appellant maintains his sentence was "excessive" because the trial court failed to consider his "past treatment[,]" and that "he was denied the right to have his [s]tate sentences run concurrently." ***Anders*** Brief at 17, 19.

It is well established that such a challenge does not entitle an appellant to "review as of right." ***Commonwealth v. Caldwell***, 117 A.3d 763, 768 (Pa. Super. 2015) (*en banc*) (citation omitted). Rather,

> [b]efore this Court can address such a discretionary challenge, an appellant must comply with the following requirements:
>
> > An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

***Id.*** (citation omitted).

Here, Attorney Martin filed a timely appeal, and included the requisite Pa.R.A.P. 2119(f) statement in the ***Anders*** brief. Moreover, he filed a post-sentence motion asserting, *inter alia*, that his sentence was "unduly harsh and excessive[.]" ***See*** Appellant's Motion to Post Sentence Relief Pursuant to Rule 720 Pa.R.Crim.P. at 2. Appellant did not, however, challenge the trial court's decision to impose the present sentence consecutive to his Lackawanna County sentences. Nor did he present that argument to the trial court at his

sentencing hearing after his sentence was imposed.[9] **See** N.T., 9/8/22, at 8-11. Therefore, Appellant has not properly invoked this Court's jurisdiction with regard to that claim.[10] **See Caldwell**, 117 A.3d at 768.

Turning to his assertion that the sentence imposed was excessive, we conclude he has failed to raise a substantial question justifying our review. **See Caldwell**, 117 A.3d at 768.

> A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing

---

[9] We recognize that Appellant did ask the trial court to impose his sentence in the present case concurrently to his Lackawanna County sentences **before** the court imposed the sentence. **See** N.T., 9/8/22, at 7. However, he did not repeat that request after the court declined to do so. We emphasize:

> The purpose of requiring a party to object to a sentence **after** it is imposed, is to give the trial judge an opportunity to reconsider or modify the sentence imposed; failure to do so deprives the trial court of this chance.

**Commonwealth v. Perzel**, 291 A.3d 38, 48 (Pa. Super. 2023) (emphasis added).

[10] It bears noting that the trial court seemed to be under the misapprehension that it was not legally permitted to run Appellant's present sentence concurrently with his Lackawanna County sentences. **See** N.T., 9/8/22, at 8-9. The court did not state the authority upon which it relied, and our research has revealed no such restriction. Nevertheless, because this claim would be deemed waived on appeal, we do not consider it to be a non-frivolous issue requiring review by counsel. **See Yorgey**, 188 A.3d at 1197 (when presented with Anders brief and petition to withdraw, appellate court is required only "to conduct a review of the record to ascertain if on its face, there are non-frivolous issues that counsel, intentionally or not, missed or misstated[; w]e need not analyze those issues of arguable merit[,] just identify them, deny the motion to withdraw, and order counsel to analyze them.").

Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Commonwealth v. Glass*, 50 A.3d 720, 727 (Pa. Super. 2012) (citations & quotation marks omitted). Here, the 5-to 10-year sentence imposed by the trial court was a mandatory minimum sentence for a conviction of aggravated indecent assault of a minor less than 13 years of age. *See* 42 Pa.C.S. § 9718(a)(3). As explicitly stated in the statute: "There shall be no authority in any court to impose on an offender to which this section is applicable **any lesser sentence** than provided for in subsection (a) or to place the offender on probation or to suspend sentence." 42 Pa.C.S. § 9718(d) (emphasis added). We note that Appellant does not present a challenge to the legality of the sentence, nor do we conclude that the record would support such a claim. Therefore, as the trial court had no discretion but to impose the applicability mandatory minimum 5-year term, we conclude the second claim identified in his *Anders* brief is also frivolous.

Consequently, we agree with Attorney Martin's determination that the two issues presented in the *Anders* brief are meritless, and our independent review of the record revealed no non-frivolous issues to be raised on appeal. *See Yorgey*, 188 A.3d at 1196. Therefore, we affirm the judgment of sentence and grant Attorney Martin's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/21/2023